[No. 1548.]

## MARTIN GULLING, APPELLANT, v. WASHOE COUNTY BANK, A CORPORATION, RESPONDENT.

SUBROGATION—TRUST DEED—MORTGAGE—SECOND LIEN—NOTICE. A purchaser of property, subject to a trust deed, is not subrogated to the rights of the holder of such trust deed by thereafter repurchasing the property at a sale under the provisions of the trust deed so as to enable such purchaser to defeat a lien by mortgage, which was a second lien on the property, and of which second lien the purchaser had legal notice at the time of both purchases.

TRUST DEED—MORTGAGE—SECOND LIEN—FORECLOSURE—ERRONEOUS JUDGMENT. In a suit to foreclose a trust deed, a mortgagee, holding a second lien on the land, was made a party. Judgment was rendered to the effect that a person who had purchased the property from the owners, and also at a sale under the trust deed, had acquired the right and title of the owners and the right and title of the holder of the trust deed, free and discharged of the lien of the mortgage: *Held*, that such a judgment was erroneous, and that the mortgage should have been foreclosed subject to the trust deed, but that, though such judgment was erroneous, it cannot avail the holder of the mortgage in an action to compel the purchaser to apply the difference between the purchase price and the amount secured by the trust deed to the satisfaction of the mortgage indebtedness.

APPEAL from the District Court of the State of Nevada, Washoe county; *A. E. Cheney*, District Judge:

Action by Martin Gulling against the Washoe County Bank, to recover the amount of a mortgage indebtedness. From a judgment entered on an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Robert M. Clarke,* for Appellant:

I.   In purchasing the real property, covered by Gulling's mortgage, with knowledge and notice thereof, and taking a conveyance of the same from the owners, Pollock and wife, and Powell, respondent, Washoe County Bank, subrogated itself from Pollock and wife and Powell, took the property, subject to their mortgage, and equitably bound themselves for the payment of the mortgaged debt.   Thereafter, they could do nothing which, so far as the bank is concerned, could defeat the mortgage lien, and any act of the bank which impaired or defeated the Gulling mortgage was a fraud upon Gulling.

II.   The Washoe County Bank, having purchased the title of Pollock and wife and Powell, and agreed "to pay out of [the] purchase * * * the sum * * * due to [the] Farmers' & Mechanics' Savings Bank," was bound in law and good conscience to do so by the Washoe County Bank.   The payment, by the Washoe County Bank of the money due from Pollock and wife and Powell, upon the trust deed, as it agreed and was legally and equitably obliged to do, would have satisfied and extinguished the trust deed, and left the real property described therein subject to the mortgage of appellant, Gulling.

III.   "Payment of the debt, at or before the day of payment designated in the mortgage, discharges the mortgage, and operates to revest the estate without any release, conveyance or other act, upon the part of the mortgagee."   (15 Ency. of Law, p. 875.)   "By payment, the whole mortgage is extinct, as much so as if released, or paid and canceled of record."   (*Cameron* v. *Irwin,* 5 Hill, 272, 276; *Parks* v. *Hall,* 2 Pick. 206; *Crane* v. *McGoon,* 86 Ill. 431.)

IV.   Now, if respondent, Washoe County Bank, had applied the purchase money in payment of the sum due Farmers' & Mechanics' Savings Bank and thus extinguished the trust deed, Gulling's mortgage would not have been cut off, but would have become a first lien upon the property.   But, in place of paying the money due Farmers' & Mechanics' Savings Bank, as agreed, respondent, Washoe County Bank, "instigated and caused the said Farmers' & Mechanics' Savings Bank and * * * the said trustees * * * to pro-

ceed to advertise and sell the said real property," which said sale "was made for the sole use and benefit of defendant, Washoe County Bank, and for the purpose, and with the intent, to gain an advantage and preference over the plaintiff, and to defeat the plaintiff in the enforcement of the said mortgage."

V.   The sale of the real property, under the promise expressed in the trust deed, vested the legal title in the purchaser, namely, respondent, Washoe County Bank, and cut off all equity of redemption. "The purchaser takes the mortgagor's title divested of all encumbrances made since the creation of the power." (Jones on Mortgages, sec. 1897.) "The purchaser takes all the mortgagor's equity of redemption, and all the mortgagor's title under the mortgage." (Jones on Mortgages, sec. 1897; 118 Mass. 554.) It, likewise, cut off the lien created by Gulling's mortgage, and destroyed all right of foreclosure. (Jones on Mortgages, sec. 1897; *Sims* v. *Field*, 66 Mo. 111; *Farmers' & Mechanics' Bank* v. *Pollock et al.*, District Court for Washoe County, Complaint, p. 8, lines 2–27.)

VI.   In procuring the Farmers' & Mechanics' Savings Bank, and the trustees under the trust deed, to sell the real property under the power expressed in the trust deed to it, when it was obligated to pay the debt, to secure which the trust deed was given, thereby destroying the lien of Gulling, the respondent, Washoe County Bank, committed a gross fraud upon Gulling. By this fraud it took away Gulling's security and appropriated it to itself, and became liable to Gulling. More strictly speaking, equity will follow the purchase money into the hands, and compel the application of that portion in excess of the sum due upon the trust deed to the satisfaction of Gulling's mortgage.

VII.   By purchasing the land from Pollock and wife and Powell, with knowledge of Gulling's mortgage, the respondent, Washoe County Bank, took the land burdened with the mortgage, and, in effect, agreed that the land should constitute a fund out of which the mortgage debt should be paid. (3 Pomeroy's Eq. Jur. sec. 1205; *Johnson* v. *Zink*, 51 N. Y. 333; *Russell* v. *Allen*, 10 Paige, 249; *Cleveland* v. *Southard*, 25 Wis. 479; *Brewer* v. *Staples*, 3 Sand. Ch. 579; *Sweetzer* v. *Jones*, 35

Vt. 317; *Stevens* v. *Church*, 42 Conn. 369; *Schuler* v. *Hardin*, 25 Ind. 386; Jones on Mortgages, sec. 736.)

VIII.   " The amount of an existing mortgage having been deducted from the purchase money of the encumbered property, the grantee, in effect, undertakes to pay the amount of the purchase money, represented by the mortgage to the holder of it, and he is as effectually estopped to deny its validity as he would be had he in terms agreed to pay such mortgage."   (Jones on Mortgages, sec. 736; *Johnson* v. *Thompson*, 129 Mass. 398; *Hancock* v. *Flemming*, 103 Ind. 533; *Washington O. & W. R. R. Co.* v. *Cazenove*, 83 Va. 744, 749.)

IX.   The difference between the purchasers assuming the payment of the mortgage, and the simply buying, subject to the mortgage, is simply that, in the one case, he makes himself personally liable for the debt, and, in the other case, he does not assume such liability.   " In both cases he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity."   (Jones on Mortgages, sec. 736; *Hancock* v. *Flemming*, 103 Ind. 534.)

X.   The purchase money arising from the sale of the mortgaged property remaining in the hands of respondent, Washoe County Bank, is a fraud, which, in equity, takes the place of the land itself, and which, in the hands of the respondent, Washoe County Bank, may be followed and subjected to the payment of the mortgaged debt.   Equity furnishes an adequate remedy for every legal wrong.   Equity will not permit the legal rights of one person to be destroyed by the fraud of another.   It will not permit the perpetrator of a fraud upon the legal rights of another to forfeit [profit] by the fraud.

*Wm. Webster*, for Respondent:

I.   Upon what theory Washoe County Bank can be made liable for a debt of another to which it is a stranger, I confess that I am ignorant.   There is no promise, written or oral, by Washoe County Bank to answer to Gulling for his mortgage debt.   It does not appear that Gulling has mentioned his debt to Washoe County Bank, or that the bank at any time so much as intimated to Gulling that he had a claim against the property sold by the trustees.   In the absence of any promise by the bank to answer to Gulling in the matter

of his demand secured by mortgage on the property sold, there is not an act by the bank disclosed in the complaint that would make the bank liable before or after foreclosure, and the question of its liability is closed by decree of court. The prayer of the complaint is: That it be ascertained and determined how much money is due Gulling from the Pollocks and Powell, on his note and mortgage, and how much of the purchase money expressed in the deed from the Pollocks and Powell to Washoe County Bank remains in the hands of the bank, and, if any should be found, that it be by order of court directed to be paid to Gulling to the sum of Gulling's demand against the Pollocks and Powell. In the prayer it is sought to determine, by judicial process, the sum there is due and owing by the Pollocks and Powell to Gulling. It looks very much as though, in order to do that thing, the Pollocks and Powell should be in court. I do not understand the object of ascertaining how much of the purchase money there is in the hands of the bank, when it is admitted in the complaint that the bank paid the Pollocks and Powell and the Farmers' & Mechanics' Savings Bank the whole of the sum named in the deed as the purchase price. It is admitted that the defendant paid the Farmers' & Mechanics' Savings Bank $8,800, and that there was paid the Washoe County Bank $5,200, making the admitted amount and consideration expressed in the deed $14,000.

II. It is not claimed in the complaint that any other or larger sum than $14,000 was the consideration agreed on, or paid, for the property. I conclude that the prayer of the complaint is answered by statements made in the complaint, and that no cause of action appears against the defendant, and that the demurrer was properly sustained by the court. I have cited no authorities, believing, as I do, that there are no equity principles involved in the recitals made in the complaint, or in the subject matter thereof, and because of which belief I have not attempted to meet, by authority, discussion, or otherwise, the points made and authorities cited by counsel in his brief.

By the Court, BONNIFIELD, C. J.:

The defendant demurred to the plaintiff's complaint on

the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the plaintiff having declined to amend his complaint, judgment was given against him for costs. From the judgment this appeal is taken.

The following facts are disclosed by the complaint:

That on the 23d day of February, 1897, the defendant purchased of James Pollock, Delia Pollock, and Daniel Powell certain described real property situated in Washoe county, Nevada, for the agreed price of $14,000, received a deed of conveyance therefor and went into possession thereof. That prior to said purchase said Pollock and Powell had given a deed of trust in the nature of a mortgage to all of said property, to secure to the Farmers' & Mechanics' Savings Bank, of Sacramento, California, the payment of a certain promissory note they had executed to said bank for the sum of $8,000, with interest, and had also given a mortgage to the plaintiff on the same property to secure the payment of a promissory note for $2,080, with interest, which they had executed to him. Both of said instruments had been executed in the above order and duly recorded in the office of the county recorder of Washoe county, prior to said purchase of the defendant. That at the time of said purchase by, and conveyance to, the defendant, the said deed of trust and mortgage were valid and subsisting liens on said property for the respective amounts of the said promissory notes secured thereby, which amounts remained wholly unpaid, of all of which the defendant had actual and constructive notice at the time of its said purchase. That the defendant, in its negotiation for the purchase of said property, agreed with its grantor to pay out of said $14,000, the purchase money, the said promissory note held by said savings bank, which amounted to $8,800, and apply the remainder thereof, $5,200, in payment of a certain promissory note it held against its said grantors for the latter sum. That subsequently suit was commenced in the district court of Washoe county against said James Pollock, Delia Pollock, and Daniel Powell, the defendant's grantors, to foreclose said deed of trust, and subject said property to judicial sale for the payment of the note secured by said deed of trust. That in

said suit the defendant and the plaintiff herein were made parties defendant. . That the defendant answered in said suit, alleging its said purchase of said property, and the plaintiff, Martin Gulling, answered therein, setting up and pleading his said mortgage, and asked for decree of foreclosure, and the sale of said property, and that the proceeds arising from such sale be applied to the payment of the sum due him on said mortgage, subject, however, to the payment of the sum due on said deed of trust. That, after said suit was commenced, the defendant procured the trustees named in said deed of trust to sell said property, under the power of sale expressed therein, at public auction, to the highest bidder for cash, and at said sale the defendant became the purchaser for the sum due on the promissory note secured by said deed of trust and the amount of the costs of said sale, and paid the same out of $14,000 purchase money aforesaid, and received a deed of conveyance for said property from said trustees, and that the defendant applied the balance of said $14,000 purchase money to the payment of the said promissory note for $5,200, which it held against its said grantors, Pollock, Pollock and Powell.

It also appears from the complaint that, in said suit for the foreclosure of said deed of trust, the court gave judgment for the defendant, the Washoe County Bank, and against Martin Gulling, the plaintiff herein, decreeing that said defendant had acquired the right and title of said James Pollock, Delia Pollock, and Daniel Powell, and the right and title of said savings bank, under said trust deed, to said property, free and discharged of the lien of the plaintiff's mortgage; and it is alleged by the complaint that said sale made by said trustees was made at the instance and for the sole use and benefit of the defendant, Washoe County Bank, and for the purpose and with the intent to gain an advantage and preference over the plaintiff, and to defeat plaintiff in the enforcement of his said mortgage, and for the purpose and with the intent to enable the defendant to apply a portion of the purchase money and consideration expressed in the deed from said Pollock, Pollock, and Powell to said defendant, to wit, $5,200 thereof in payment and satisfaction of the

aforesaid indebtedness of said Pollock, Pollock, and Powell to the defendant.

Upon the facts stated above, substantially, the prayer of the plaintiff's complaint is: "That it be ascertained and determined how much money is due the plaintiff upon his said note and mortgage from James Pollock, Delia Pollock, and Daniel Powell, and how much money, if any, remains in defendant's hands of the purchase money and consideration expressed in said deed from James Pollock, Delia Pollock, and Daniel Powell to defendant, Washoe County Bank, and that said defendant be required to pay the plaintiff the sum of money so found to be due to him."

Upon the foregoing facts, we do not think this action can be maintained. It does not appear that the respondent assumed the payment of the debt due the appellant, on his said promissory note and mortgage, out of the purchase money it agreed to pay Pollock, Pollock, and Powell, for said property, or otherwise. The respondent, having had legal notice of said mortgage at the time of said purchase and conveyance from appellant's mortgagors, succeeded to their interest in and title to said property, subject to the lien of said mortgage thereon. The appellant's rights and remedies under his mortgage were in no manner impaired thereby.

Counsel for appellant contends that "in procuring the Farmers' & Mechanics' Savings Bank and the trustees under the trust deed to sell the real property under the power expressed in the trust deed to it, when it was obligated to pay the debt to secure which the trust deed was given, thereby destroying the lien of Gulling, the respondent committed a gross fraud upon Gulling. By this fraud it took away Gulling's security and appropriated it to itself, and became liable to Gulling. More strictly speaking, equity will follow the purchase money into the hands [of respondent], and compel the application of that portion in excess of the sum due upon the trust deed to the satisfaction of Gulling's mortgage."

We think counsel is in error in the above legal conclusions. The respondent, the grantee of Pollock, Pollock, and Powell, having assumed, as aforesaid, the payment of the debt secured by said deed of trust, became personally and primarily liable

for the debt, whose duty it was to pay said debt absolutely and before all others, and, when it paid the same, such payment operated, *ipso facto*, as an end to said trust deed, and the lien thereof was completely destroyed. (Pomeroy's Equity, sec. 1213, and cases cited; Jones on Mortgages, secs. 864, 865, and notes.)

When the respondent. paid the said debt which it had assumed to pay, it was not and could not be subrogated to the rights of the holder of said encumbrance, the Farmers' & Mechanics' Savings Bank, whether it paid the same in pursuance of said trustees' sale or otherwise paid it. (*Birke v. Abbott*, 103 Ind. 1.) Upon said payment the lien of the deed of trust was extinguished, and left the plaintiff's mortgage the sole encumbrance.

If the said facts appearing in this case were shown to exist in the suit brought to foreclose said deed of trust, then the judgment and decree given in that suit against Martin Gulling, the appellant herein, was erroneous, and instead thereof judgment and decree should have been rendered in his favor ordering a sale of said property, and the application of the proceeds of the sale, or so much thereof as was necessary, to the payment of the said debt due to him. All the necessary parties were before the court. The senior lien being extinguished, there was nothing in the way of appellant's mortgage. However erroneous that judgment and decree may be, it cannot avail the appellant in this action, nor give him any cause of action against the respondent in this case.

If said trustee's sale was proper under the facts presented in that suit, and the respondent was subrogated to the rights of said savings bank, then the appellant's remedy was to redeem the property from said sale under the provisions of the statute.

The demurrer to the plaintiff's complaint having been properly sustained, the judgment appealed from is hereby affirmed.